**E-Filed 5/14/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RENEE TIETSWORTH, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SEARS, ROEBUCK AND CO., and WHIRLPOOL CORPORATION,<br><br>Defendants. | Case Number C 09-00288 JF (HRL)<br><br>**ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Docket No. 6 |

## I. BACKGROUND

At all relevant times, Defendant Whirlpool Corporation ("Whirlpool") manufactured top-loading Kenmore Elite Oasis automatic washing machines ("the machines"), and Defendant Sears, Roebuck and Co. ("Sears") marketed, advertised, distributed, warranted, sold and offered repair services for the machines. Compl. ¶¶ 3, 4. Plaintiff Renee Tietsworth ("Tietsworth") claims that in November 2006, she purchased a new machine from Sears. *Id*. ¶ 20. The machine came with a one-year warranty against defects and a ten-year warranty on its steel drum and plastic tub. *Id*. ¶ 19. Tietsworth alleges that in May 2008, the machine stopped in mid-cycle and displayed an F51 code error. She restarted the machine and it completed the cycle, but the

---

[1] This disposition is not designated for publication in the official reports

Case No. CV 09-00288 JF (HRL)
ORDER GRANTING MOTION TO DISMISS
(JFEX1)

problem persisted and became progressively worse over time. *Id*. She contacted Sears on June 17, 2008 and was told that she either could purchase an extended warranty for approximately $218 or have a technician come out to repair the machine. *Id*. ¶¶ 20, 21. The cost of having a technician come out was $70, and did not include the cost of repair. *Id*. ¶ 21. Tietsworth alleges that Sears has represented to her and other class members that the machines are highest quality, top-of-the-line washers that allow consumers to do laundry in a more convenient, faster and efficient manner. *Id*. ¶ 8. She claims that contrary to these representations, the machines are inherently defective and substantially certain to fail in the first two to four years of use. *Id*. ¶ 11. She alleges that Defendants had knowledge of all facts necessary to know that the machines were defective and concealed these material facts. *Id*. ¶¶ 13, 14. Finally, she alleges that Defendants have refused to repair or replace the machines free of charge after one year from the date of purchase despite the fact that the defects existed at the time of purchase. *Id*. ¶ 15.

On December 22, 2008, Tietsworth filed suit in state court on behalf of herself and all others similarly situated, alleging that Defendants engaged in fraudulent concealment and nondisclosure, breached an express warranty, breached an implied warranty, violated the California Consumers Legal Remedies Act ("CLRA"), violated the California Unfair Competition Law ("UCL"), and unjustly enriched themselves at the expense of Tietsworth and the putative class. On January 22, 2009, Defendants removed the action to this Court. One week later, Defendants filed the instant motion to dismiss.

## II.  MOTION TO DISMISS

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

1  the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955
2  (2007) (internal citations omitted).  Leave to amend must be granted unless it is clear that the
3  complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*,
4  66 F.3d 245, 248 (9th Cir. 1995).

### III. DISCUSSION

**A. Fraudulent Concealment and Nondisclosure**

To establish a claim for fraudulent concealment, a plaintiff must allege that: (1) the defendant concealed or suppressed a material fact, (2) the defendant was under a duty to disclose the fact to the plaintiff, (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damage. *Hahn v. Mirda*, 54 Cal. Rptr. 3d 527, 532 (Cal. Ct. App. 2007). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). A complaint meets this standard if it alleges "the time, place, and content of the alleged fraudulent misrepresentation or omission; the identity of the person engaged in the fraud; and the circumstances indicating falseness' or 'the manner in which [the] representations [or omissions] were false and misleading.'" *Genna v. Digital Link Corp.*, 25 F.Supp.2d 1038 (N.D. Cal. 1997) (brackets in original) (quoting *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547-58 n.7 (9th Cir. 1994).

Tietsworth fails to describe with specificity representations made by Defendants with respect to the machines' component parts that would give rise to a duty to disclose, how she relied on such partial disclosures, or the manner in which such representations or omissions were false and misleading.  The complaint identifies only specific statements in the machine's owner's manual that accompanies the machine in its box at the time of the sale.[2] Compl. ¶¶ 8-9; Mot. To

---

[2] The complaint mentions advertising and marketing, but Tietsworth does not point to any specific advertisement or marketing material.

3

Dismiss, fn. 7. Finally, Tietsworth fails to allege with specificity that she relied on any of the statements in deciding whether to purchase the machine.

**B. Express Warranty**

To plead an action for breach of express warranty under California law, a plaintiff must allege: (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury. *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App.3d 135, 142 (1986). A plaintiff also must plead that she provided the defendant with pre-suit notice of the breach. California Commercial Code § 2607.

Tietsworth contends that Defendants breached the express warranty because the machines were defective from the outset and were substantially likely to fail within their anticipated lifetime. Reply Mot. at 16: 11-13. She argues that she has alleged sufficiently the exact terms of the warranty by pleading that the machines' parts and workmanship were warranted to be "free from defects for at least a year." Pl.'s Opp. At 15:3-4. The Court concludes that Tietsworth has failed to allege the exact terms of the warranty and facts establishing her reasonable reliance on the warranty.

**C. Implied Warranty**

Cal. Civ. Code § 1792 (2009) provides, "every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Goods in conformity with the Implied warranty of merchantability meet each of the following conditions: "(1) Pass without objection in the trade under the contract description[;] (2) Are fit for the ordinary purposes for which such goods are used[;] (3) Are adequately contained, packaged, and labeled[;] and (4) Conform to the promises or affirmations of fact made on the container or label." Cal. Civ. Code § 1791.1(a). The duration of the implied warranty of merchantability is coextensive with an express warranty, but in no case is shorter than sixty days or longer than one year following sale of the goods. Cal. Civ. Code § 1791.1(c). Although Tietsworth purchased her machine in November 2006, the alleged failures did not occur until May 2008. Tietsworth thus has failed to plead facts demonstrating that the machine was unfit for its ordinary purpose during the implied warranty period.

Whirlpool also argues that Tietsworth's claim for breach of implied warranty should be dismissed as to Whirlpool for lack of privity. Def. Mot. at 16: 17-18. Whirlpool is correct that "[v]ertical privity is a prerequisite in California for recovery on a theory of breach of implied warranties of fitness and merchantability." *U.S. Roofing, Inc. v. Credit Alliance Corp.*, 228 Cal. App.3d 1431, 1441 (1991). "The term 'vertical privity' refers to links in the chain of distribution of goods. If the buyer and seller occupy adjoining links in the chain, they are in vertical privity with each other . . . ." *Osborne v. Subaru of America, Inc.*, 198 Cal. App.3d 646, 656 n.6 (1988). There are two exceptions to the rule: when the plaintiff relies on written labels or advertisements of a manufacturer, and in special cases involving foodstuffs, pesticides, and pharmaceuticals, and where the end user is an employee of the purchaser. *Daimler Chrysler*, 534 F.3d, 1023.

Tietsworth purchased her machine from Sears, and thus she does not have vertical privity with Whirlpool. Tietsworth argues that she falls within the first statutory exception because the contractual language in the warranties is attributable to both Sears and Whirlpool. Opp. Mot. At 16: 16-17. However, as discussed above, Tietsworth has failed to allege with specificity that she relied on the warranties.

**D. California Consumers Legal Remedies Act**

Tietsworth alleges that Defendants, in their representations and omissions, violated: 1) Cal. Civ. Code § 1770(a)(2) by misrepresenting the source, sponsorship, approval or certification of the machines; 2) Cal. Civ. Code § 1770(a)(5) by representing that the machines have approval, characteristics, uses and benefits that they do not have; 3) Cal. Civ. Code § 1770(a)(7) by representing that the machines were of a particular standard or quality when they were not; and 4) Cal. Civ. Code § 1770(a)(9) when they advertised and marketed the machines with the intent not to sell them as advertised. Tietsworth also alleges that Defendants violated Cal. Civ. Code § 1770(a)(19) by inserting an unconscionable provision into their contracts and limiting the warranties of the machines when Defendants knew or should have known that the products were defective.

**1. CLRA Claim for Misrepresentations**

Tietsworth must allege that she justifiably relied on Defendants' misrepresentations. *See Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367, 379 (9th Cir.2003). Although Tietsworth identifies several statements from the owner's manual that she alleges were false,[3] she has not pled with specificity that she relied on the statements.

### 2. CLRA Claim for Omissions

"Although a claim may be stated under the CLRA in terms constituting fraudulent omissions, to be actionable the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App.4th 824, 835 (2006). Tietsworth fails to identify any affirmative representation concerning the subject of the alleged omissions nor does she identify any legal obligation of Defendants to disclose the material information the allegedly failed to disclose.

### 3. Unconscionable Provision

"Unconscionability has both a procedural and a substantive element" *Aron v. U-Haul Co. of California*, 143 Cal. App.4th 796, 808 (2006) (citing *Armendariz v. Foundation Health Psychcare Services, Inc*. 24 Cal.4th 83, 114 (2000)). The procedural element of unconscionability focuses on two factors: oppression and surprise. *Id.* (internal citation omitted). Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice. *Id.* (internal quotation and citation omitted). Surprise involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms. *Id.* (internal quotation and citation omitted). The substantive element of unconscionability focuses on the

---

[3] The complaint points specifically to the following statements as misrepresentations: 1) the machines save you time by allowing you to do fewer, larger loads, 2) have features that increase the ease of use and improve wash performance, and 3) have an electronic control panel that is easy to use. Compl. § 8. In her opposition papers, she identifies two additional statements from the owners' manuals and warranties as misrepresentations: 1) your Kenmore product is designed, manufactured and tested to provide years of dependable operation, and 2) the machine also conserves resources and also lowers your water and energy bills by using the following innovations. Opp. Mot. At 10:8-10.

6

actual terms of the agreement and evaluates whether they create overly harsh or one-sided results as to shock the conscience. *Id.* (internal quotation and citation omitted). Tietsworth contends that Defendants' warranties are procedurally and substantively unconscionable because Defendants limited the warranties and actively concealed a known defect. Opp. at 11:6-8. However, "[A]ny claim of oppression may be defeated if the complaining party had reasonably available alternative sources of supply from which to obtain the desired goods or services free of the terms claimed to be unconscionable." *Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal. App. 3d 758, 768 (1989). Tietsworth fails to allege facts demonstrating that there were no alternative manufacturers of washers or that she was surprised by the one-year warranty limitation.

### E. Unfair Competition Law

Business & Professional Code § 17200 prohibits acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Tietsworth alleges that Defendants violated the UCL by violating California Civil Code §§ 1572, 1668, 1709, 1710, 1770(a)(2), 1770(a)(5), 1770(a)(7), 1770(a)(9), 1770(a)(19), § 17500 of the Business and Professions Code and the Song-Beverly Warranty Act.

#### 1. Unlawful Practices

Tietsworth alleges that Defendants violated the UCL because they violated the CLRA (California Civil Code §§ 1770(a)(2), 1770(a)(5), 1770(a)(7), 1770(a)(9), 1770(a)(19)), California Civil Code § 1668,[4] California's Business and Profession Code section 17500, the Song-Beverly Warranty Act and fraudulent concealment. Opp. Mot. at 19:2-5. As discussed above, Tietsworth has not sufficiently pled her claims under the CLRA for misrepresentation, breach of warranty or fraudulent concealment.

---

[4] Civil Code section 1668 provides, "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." Cal. Civ. Code § 1668.

### 2. Unfair Business Practice

Tietsworth contends that Defendants committed an unfair business practice by knowingly marketing and selling a defective product and make misleading representations and omissions regarding the product. Opp. Mot. at 22:11-13. However, "[t]he failure to disclose a defect that might, or might not, shorten the effective life span of [a product] that functions precisely as warranted throughout the term of its express warranty cannot be characterized as causing a substantial injury to consumers, and accordingly does not constitute an unfair practice under the UCL." *Clemens v. Daimler Chrysler Corp*, 534 F.3d 1026 (9th Cir. 2008) (citing *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App.4th 824, 838 (2006)).

### 3. Fraudulent Business Practices

"Unlike a common law fraud claim, a UCL fraud claim requires no proof that the plaintiff was actually deceived." *Clemens*, 534 F.3d 1025-26 (internal citation omitted). "Instead, the plaintiff must produce evidence showing "a likelihood of confounding an appreciable number of reasonably prudent purchasers exercising ordinary care." *Id.* at 1026 (internal citation omitted). While Tietsworth asserts that the average life expectancy of a washer is fourteen years, she does not plead any facts demonstrating that a reasonably prudent purchaser exercising ordinary care would have failed to notice the warranty period when purchasing a washer. In *Freeman v. Time, Inc.*, 552 F.3d 934 (9th Cir. 2008), the court upheld a dismissal of a challenge to a mailer that suggested the plaintiff had won a million dollar sweepstakes because the mailer explicitly stated multiple times that the plaintiff would only win the prize if he had the winning sweepstakes number. Like *Freeman*, Tietsworth has not pled any facts tending to show that a reasonable consumer would not have noticed that the machines had only a one-year warranty.[5]

**F. Unjust Enrichment**

To plead a claim for unjust enrichment, a plaintiff must allege a receipt of a benefit and unjust retention of the benefit at the expense of another. *Lectrodryer v. SeoulBank*, 77 Cal.

---

[5] Tietsworth claims that the warranties "are not adequately conspicuous." Opp. at 11:13. However, her allegation is wholly conclusory.

8

1  App.4th 723, 726 (2000) (citing *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1662-
2  63 (1992)).  Tietsworth alleges that Defendants have received money resulting from the sales of
3  the machines and unjustly have retained this benefit.  The viability of this claim necessarily
4  depends on that of Tietsworth's other claims.

## IV.  ORDER

Good cause therefore appearing, the motion to dismiss is GRANTED with leave to amend. Any amended complaint shall be filed within thirty (30) days of the date this order is filed.

**IT IS SO ORDERED.**

DATED: 5/14/09

_____
JEREMY FOGEL
United States District Judge

Case No. CV 09-00288 JF (HRL)
ORDER GRANTING MOTION TO DISMISS
(JFEX1)

1  This Order was served on the following persons:

2

3  Clement L. Glynn     cglynn@glynnfinley.com, dmenor@glynnfinley.com

4  Galen Driscoll Bellamy     bellamy@wtklaw.com

5  James M. Hanlon , Jr     jhanlon@glynnfinley.com

6  Jennie Lee Anderson     jennie@andrusanderson.com, jaime@andrusanderson.com

7  Joel Steven Neckers     neckers@wtklaw.com, keitlen@wtklaw.com

8  Lori Erin Andrus     lori@andrusanderson.com, jaime@andrusanderson.com

9  Michael Timothy Williams     williams@wtklaw.com, kemezis@wtklaw.com,

10  mallett@wtklaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV 09-00288 JF (HRL)
ORDER GRANTING MOTION TO DISMISS
(JFEX1)