Clement L. Glynn (CA Bar No. 057117)
James M. Hanlon, Jr. (CA Bar No. 214096)
Glynn & Finley, LLP
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
cglynn@glynnfinley.com, jhanlon@glynnfinley.com

*E-FILED 8/11/2009*

Michael T. Williams (CO Bar No. 33172; admitted *pro hac vice*)
Galen D. Bellamy (CA Bar No. 231792)
Joel S. Neckers (CO Bar No. 40886; admitted *pro hac vice*)
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, CO 80202
Telephone: (303) 244-1800
Facsimile: (303) 244-1879
williams@wtotrial.com, bellamy@wtotrial, neckers@wtotrial

Attorneys for Sears, Roebuck and Co.,
and Whirlpool Corporation

Lori E. Andrus (SBN 205816)
Jennie Lee Anderson (SBN 203586)
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474
lori@andrusanderson.com, jennie@andrusanderson.com

Attorneys for Plaintiffs and the Proposed Class
[Additional counsel on signature page]

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### (SAN JOSE BRANCH)

| | |
|---|---|
| RENEE TIETSWORTH, SUZANNE REBRO, and SONDRA SIMPSON, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SEARS ROEBUCK AND CO., and WHIRLPOOL CORPORATION,<br><br>Defendants. | CASE NO. C09-00288-JF<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Judge: Hon. Jeremy Fogel<br><br>**(MODIFIED BY THE COURT)** |

Disclosure and discovery activity in this action may involve production of trade secrets or other confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled to protection as described herein. The parties further acknowledge, as set forth in Section 12, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## DEFINITION OF "CONFIDENTIAL" INFORMATION

1.  For the purposes of this Order, "Confidential Information" means

    (a) Information that constitutes a "trade secret" in accordance with the Uniform Trade Secrets Act, meaning information, including a formula, pattern, compilation, program, device, method, technique, or process that:

      (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

      (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

    (b) Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information, including, but not limited to, information regarding marketing, sales, costs, pricing, purchasing, finances, and profitability, which, if disclosed, would result competitive harm to the disclosing party; and

    (c) Information subject to federal or state privacy rights, including private consumer information.

    (d) Nothing in this Order shall be construed as narrowing or limiting the scope of information or items that might otherwise be entitled to

protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

**DESIGNATING PROTECTED MATERIAL**

2.      Each party or non-party that designates information or items for protection under this Order ("Designating Party") must take care to limit any such designation to information that qualifies under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited.

3.      If documents being produced or written discovery responses being served contain Confidential Information, counsel for the Designating Party may identify such information or documents as Confidential Information by placing or affixing on the first page of the material or on each page of the material, in a manner that will not interfere with the material's legibility, the word "Confidential."

4.      If Confidential Information is used or marked as an exhibit in a deposition, or if deposition questions, testimony, or colloquy discloses Confidential Information, counsel for the Designating Party may identify such information or documents as Confidential Information by informing the court reporter and counsel for the other parties of the claim of confidentiality either contemporaneously on the record during the deposition or in writing within 30 days after having received a copy of the deposition transcript.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.  Transcript pages designated as containing Confidential Information must be identified by the court reporter by affixing to the top or bottom of each such page the legend "Confidential," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.  All transcript pages and testimony designated as Confidential shall be treated as Confidential Information, pursuant to the terms of

this Order, except as otherwise agreed in writing by each party claiming confidentiality or as otherwise ordered by the Court.

## ACCESS AND USE OF CONFIDENTIAL INFORMATION

5. Confidential Information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of their representatives, agents, expert witnesses, or consultants, to anyone for any purpose whatsoever, other than as reasonably necessary by the parties and their counsel for the preparation and trial of this action. Access to Confidential Information shall be limited to those persons designated as "Qualified Persons" in paragraph 6 below.

6. Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

   a. the parties and their officers, directors, employees, and agents;

   b. counsel of record for the parties and employees and agents of such counsel who are assisting such counsel in the preparation or trial of this action;

   c. the Court and the Court's employees and staff in this case, in accordance with the procedures regarding filing under seal as described herein and as set forth in Northern District of California Civil Local Rule 79-5;

   d. employees of outside copying, printing, binding, litigation support, mediators or computer input services;

   e. experts and consultants retained by the parties whose assistance is necessary for the litigation of this action; provided, however, that, (i) before disclosing any Confidential Information to any such expert or consultant, counsel of record for the party intending to make that disclosure shall obtain from the expert or consultant a written statement, in the form of Exhibit A attached hereto, signed by the expert or consultant, stating that, to the best of that person's knowledge, that person is not an employee of or consultant to any entity or

person that is a competitor or supplier of Whirlpool or Sears; (ii) no disclosure of Confidential Information shall be made to any person who has not provided such a signed statement, which statement shall be retained by counsel of record for the party making the disclosure to the expert or consultant; and (iii) if, after a person retained by Plaintiffs as an expert or consultant has signed a statement in the form of Exhibit A, that person later learns that an entity of which he or she is an employee or consultant is, in fact, a competitor or supplier of Whirlpool or Sears, Whirlpool and Sears will not:  (a) move to strike that person as an expert or consultant for Plaintiffs (*i.e.*, Whirlpool and Sears will waive any right they otherwise would have had to strike that person as an expert or consultant for Plaintiffs in this case on that basis), or (b) object to the continued use of the expert or consultant by Plaintiffs.  Nothing in this agreement shall act to limit the future employment with or for any competitor or supplier of Whirlpool or Sears by any expert or consultant, or any member of any expert or consultant's professional group, and should an expert or consultant accept such employment, that person shall continue to be bound by the terms of the Protective Order and may not use or share any Confidential Information produced in this litigation with the competitor or supplier, as set forth in Exhibit A.

    f. any person who is an author or addressee of a document containing Confidential Information, or who is identified in the document as the original source of the Confidential Information;

    g. deposition witnesses, provided that, upon receipt of reasonable advance notice of a deposition, any party may object to showing Confidential Information, or any sub-set or category thereof, to a particular deposition witness.  Upon receiving such objection, the party noticing or scheduling the deposition shall meet and confer with the objecting party, in advance of the deposition, to determine whether the parties can agree on appropriate limitations on the use of Confidential Information during the deposition;

h. potential lay witnesses reasonably necessary for the litigation of this matter, other than former employees of Whirlpool or Sears, provided that, before disclosing any Confidential Information to any such person, counsel of record for the party intending to make that disclosure shall obtain from the ~~expert or consultant~~ **witness** a written statement, in the form of Exhibit A attached hereto, signed by the individual, stating that, to the best of that person's knowledge, that person is not an employee of or consultant to any entity or person that is a competitor or supplier of Whirlpool or Sears; no disclosure of Confidential Information shall be made to any person who has not provided such a signed statement, which statement shall be retained by counsel of record for the party making the disclosure;

i. any other person as to whom the party that designated the document or information as "Confidential" has consented to disclosure in advance; and

j. by Order of the Court.

7. Prior to disclosure of any material designated "Confidential" to any person described in paragraph ~~X~~ **6** subsections (e)-(h), *supra*, such person shall be given a copy of this Stipulated Protective Order, and shall agree in writing, in the form attached hereto as Exhibit A, to be bound by the terms of this Order and to be subject to the jurisdiction of this Court for the purposes of any proceeding relating to the performance under, compliance with, or violation of this Order. Counsel for each party shall maintain a list of all Qualified Persons to whom they or their client have provided any Confidential Information, and that list shall be available for inspection by the Court. In addition, each of the parties and their attorneys expressly stipulates to be subject to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Order.

8. Except to the extent otherwise permitted by this Order, every Qualified Person provided copies of or access to Confidential Information pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of

such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Confidential Information or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Confidential Information.

9.  If any counsel of record distributes copies of material containing Confidential Information to one or more Qualified Persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be returned to that counsel of record or destroyed at the completion of the Qualified Person's consultation or representation in this case. Counsel of record shall, upon request by opposing counsel or the Court, execute an affidavit stating that to the best of counsel's knowledge all materials containing Confidential Information, and all copies, notes, extracts, summaries, or descriptions of any such material, have been returned or destroyed as required.  ~~If any counsel of record distributes copies of material containing Confidential Information to one or more Qualified Persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be either destroyed or returned to that counsel of record at the completion of the Qualified Person's consultation or representation in this case.~~  If a Qualified Person destroys such material, rather than returning it to that counsel of record, the Qualified Person shall promptly provide to that counsel of record an affidavit stating that all materials containing Confidential Information, and all copies, notes, extracts, summaries, or descriptions of any such material, have been destroyed. That counsel of record shall, upon request by opposing counsel or the Court, provide to opposing counsel (a) an affidavit stating that all materials containing Confidential Information, and all copies, notes, extracts, summaries, or descriptions of any such material, have, to the best of that counsel of record's knowledge, been returned or destroyed as required, and (b) all affidavits of Qualified Persons who provided that counsel of record with affidavits pursuant to the provisions of this paragraph. **This paragraph shall not apply to materials contained in the Court's records.**

10. Nothing in this Order shall prevent a party from using at trial or hearing or during a deposition, or in connection with briefs or other papers filed with the Court, any Confidential Information. Absent an order by the Court, such use shall not expand the persons to whom such documents or information may be disclosed pursuant to this Order.

11. Prior to the use of Confidential Information at trial or a hearing, the parties will discuss with the Court appropriate procedures to for the use of Confidential Information.

### FILING CONFIDENTIAL INFORMATION

12. If a party wishes to file with the Court a document designated as "Confidential", or if a party wishes to refer to information in any papers filed with the Court that has been designated as "Confidential", the party submitting the materials:

    a    If the filing party is the Designating Party and is seeking to have all or a portion of the record containing such information sealed, the party shall comply with all of the requirements of Civil L.R. 79-5(b) or (c), as applicable;

    b    If the filing party is not the Designating Party ~~and is not seeking to have the record containing such information sealed, the party shall comply with all of the requirements of Civil L.R. 79-5(d). Any affected party or non-party who wishes to have the document sealed may then follow the appropriate procedures set forth in Civil Local Rule 79-5.~~ **the materials shall be submitted in compliance with Civ. L.R. 79-5(d).**

### DURATION AND FINAL DISPOSITION

13. Promptly after the termination of this action by entry of a final judgment or order of dismissal, all materials containing Confidential Information **(except materials contained in the Court's records)** shall be returned to counsel for the party who produced those materials or shall be destroyed. Notwithstanding this provision, counsel of record may retain one copy of each deposition transcript designated as Confidential, as well as an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain materials designated Confidential. Any such archival copies that contain or constitute Confidential Information

7
[Proposed] Stipulated Protective Order

Protected Material remain subject to this Protective Order.  If material containing Confidential Information is destroyed, rather than returned, counsel of record shall promptly provide to opposing counsel of record written confirmation that materials containing such Confidential Information have been destroyed consistent with this Order.

14. After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding.  The terms of this Order constitute, and shall be deemed to be, an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by the California Rules of Professional Conduct), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction. **For a period of six months after the final termination of this action, this Court shall retain jurisdiction to enforce the terms of this order.**

15. This Order shall be binding on the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over whom or which the parties have control.

**RIGHT TO ASSERT OTHER OBJECTIONS**

16. This Order does not constitute a waiver or limitation of any party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential research, development, or commercial information; nor does it constitute a waiver of any party's right to challenge the confidentiality of any redaction or designation.  By producing documents for review and inspection, the parties do not waive any objections to relevance for summary judgment or other purposes or to the admissibility at trial of any such document or of any information contained in any such document.

17. This Order does not constitute a waiver or limitation of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, including the work-product doctrine, or any other protection, law, or

regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

18. The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party, to assert or apply for additional or different protection.

19. Nothing in this Order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.

**INADVERTENT FAILURES TO DESIGNATE**

20. If a party inadvertently produces Confidential Information without the required "Confidential" legend, the producing party shall, within five business days of discovering the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific material at issue. Upon receipt of such notice, the receiving party shall treat the material identified in the notice as Confidential until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party made within ten (10) days of the date of the written notice regarding inadvertent omission, issues an order addressing the appropriate treatment of the subject material. A party shall not be deemed to have waived any right to designate material as "Confidential" by allowing inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure.

21. If a party contends that any document has been erroneously or improperly designated Confidential, it shall nevertheless treat the document as Confidential until either (a) that party obtains from the designating party written permission to do otherwise, or (b) this Court enters an order stating that the document shall not be treated as Confidential Information.

22. A party may challenge the designation of a document or other material as Confidential only as follows:

a.      If a party believes that material designated by another as Confidential has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Order, that party (the "challenging party") shall provide to the designating party written notice of that disagreement, stating the reason(s) for the challenge.  During the 10-day period following service of the written challenge on the designating party (the "Meet and Confer Period"), the challenging and designating parties shall first try to dispose of such challenge in good faith on an informal basis.

b.      If neither the designation nor the objection is withdrawn during the Meet and Confer Period, the designating party shall have 30 days from the receipt of the written challenge notice to apply to the Court for an order designating the material as Confidential.  The designating party bears the burden of establishing that the material is entitled to protection as Confidential Information.  Any material that is designated as Confidential Information that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the designating party's motion or, if no motion is made, until the time for the designating party to bring a motion has expired.

**IT IS SO STIPULATED.**

DATED:       August 4, 2009

By: *s/ Michael T. Williams*

Michael T. Williams (admitted *pro hac vice*)
Galen D. Bellamy (CA Bar No. 231792)
Joel S. Neckers (admitted *pro hac vice*)
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Telephone:  (303) 244-1800
Facsimile:   (303) 244-1879
williams@wtotrial.com
bellamy@wtotrial.com
neckers@wtotrial.com

Clement L. Glynn (CA Bar No. 057117)
James M. Hanlon, Jr. (CA Bar No. 214096)
Glynn & Finley, LLP

10
[Proposed] Stipulated Protective Order

|   |   |   |
|---|---|---|
| 1 |  | 100 Pringle Avenue, Suite 500 |
| 2 |  | Walnut Creek, California 94596<br>Telephone: (925) 210-2800<br>Facsimile:  (925) 945-1975 |
| 3 |  | cglynn@glynnfinley.com<br>jhanlon@glynnfinley.com |
| 4 |  |  |
| 5 |  | Attorneys for Sears, Roebuck and Co., and Whirlpool Corporation |
| 6 |  |  |
| 7 | DATED:  August 4, 2009 | By: *s/ Jennie Lee Anderson* |
| 8 |  | Jennie Lee Anderson<br>Lori E. Andrus (SBN 205816) |
| 9 |  | Jennie Lee Anderson (SBN 203586)<br>Andrus Anderson LLP |
| 10 |  | 155 Montgomery Street, Suite 900<br>San Francisco, CA 94104 |
| 11 |  | Telephone: (415) 986-1400<br>Facsimile: (415) 986-1474 |
| 12 |  | lori@andrusanderson.com<br>ennie@andrusanderson.com |
| 13 |  | James E. Miller |
| 14 |  | Shepherd, Finkelman, Miller & Shah, LLP<br>65 Main Street |
| 15 |  | Chester, CT 06412<br>Telephone: (860) 526-1100 |
| 16 |  | Facsimile: (860) 526-1120<br>jmiller@sfmslaw.com |
| 17 |  | James C. Shah |
| 18 |  | Shepherd, Finkelman, Miller & Shah, LLP<br>35 East State Street |
| 19 |  | Media, PA 19063<br>Telephone: (610) 891-9880 |
| 20 |  | Facsimile: (610) 891-9883<br>jshaw@sfmslaw.com |
| 21 |  | Karen M. Leser-Grenon  (SBN 231189) |
| 22 |  | Shepherd, Finkelman, Miller & Shah, LLC<br>401 West A Street, Suite 2350 |
| 23 |  | San Diego, CA 92101<br>Telephone: 619-235-2416 |
| 24 |  | Facsimile: 619-234-7334<br>kleser@sfmslaw.com |
| 25 |  | Attorneys for Plaintiffs and the Proposed Class |

**AS MODIFIED BY THE COURT,
PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: **August 11**, 2009

Hon. ~~Jeremy Fogel~~  Howard R. Lloyd
United States ~~District Court~~
                    Magistrate Judge

11
[~~Proposed~~] Stipulated Protective Order

# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE BRANCH)

| | |
|---|---|
| RENEE TIETSWORTH, SUZANNE REBRO, and SONDRA SIMPSON, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEARS ROEBUCK AND CO., and WHIRLPOOL CORPORATION,<br><br>Defendants. | CASE NO. C09-00288-JF<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Judge: Hon. Jeremy Fogel |

I, _____, declare and agree as follows:

1. My address is _____
_____.

2. My present employer is _____
_____

3. My present occupation or job description is _____
_____.

4. I acknowledge that I may receive information or material, or both, designated as "CONFIDENTIAL" in accordance with the Protective Order ("Order") regarding treatment of Confidential Information entered by the Court in the lawsuit identified in the above caption.

5. I have received a copy of that Order and have read it. I am familiar with its terms and conditions. I agree to comply with and to be bound by each of the terms and conditions of that Order. In particular, I agree to hold in confidence, in accordance with the requirements of the Order, any information and material disclosed to me pursuant to that Order.

6. I understand that the Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt. I understand fully that my breach of the Order, or any of its terms, may result in sanctions by the Court, contempt proceedings, or other proceedings to enforce the terms of the Order.

7. I agree (a) to notify all stenographic, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Order, (b) to provide them with a copy of

this declaration for their signature, and (c) to obtain and keep the copy of this declaration after it has been properly signed.

8.   To the best of my knowledge, I am not employed by or a consultant to any person or entity that is a competitor or supplier of Whirlpool Corporation or Sears Roebuck and Co.

9.   I agree that I will not show, disseminate, or in any way communicate, orally, in writing, or otherwise, to anyone, or use or copy, for any purpose whatsoever, other than as required for the preparation and trial of this action, any Confidential Information provided to me in connection with this litigation, and I will not reveal any Confidential Information to any person who is not a "Qualified Person" as defined in paragraph 5 of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Protective Order.

Executed this _____ day of _____, _____, at _____.

Signed:_____