\*\*E-Filed 7/29/2011\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| RENEE TIETSWORTH, SUZANNE REBRO, SONDRA SIMPSON, and JOHN CAREY on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEARS, ROEBUCK AND CO., and WHIRLPOOL CORPORATION,<br><br>Defendants. | Case Number 5:09-CV-00288 JF (HRL)<br><br>**ORDER[1] GRANTING IN PART AND DENYING IN PART MOTION TO AMEND THIRD AMENDED COMPLAINT**<br><br>[Re: Docket No. 106] |

Plaintiffs Renee Tietsworth ("Tietsworth"), Suzanne Rebro ("Rebro"), Sondra Simpson ("Simpson"), and John Carey ("Carey") seek to amend their third amended complaint ("TAC") based on what they characterize as new developments in controlling case law. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011) and *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168 (9th Cir. 2010). For the reasons discussed below, the motion will be granted in part and denied in part.

## I. BACKGROUND

Plaintiffs assert claims for: (1) violation of the California Unfair Competition Law Cal. Bus. & Prof. Code § 17200 ("UCL"); (2) fraudulent concealment and nondisclosure; (3) breach

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:09-CV-00288 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND THIRD AMENDED COMPLAINT
(JFLC1)

of express warranty; (4) violation of the Magnuson-Moss Act 15 U.S.C. 2301 *et seq.* ("MMWA"); (5) violation of the California Consumers Legal Remedies Act Cal. Civ. Code § 1750 ("CLRA"); and (6) unjust enrichment. They allege that at all relevant times, Defendant Whirlpool Corporation ("Whirlpool") manufactured top-loading Kenmore Elite Oasis automatic washing machines ("the Machines"), and Defendant Sears, Roebuck and Co. ("Sears") marketed, advertised, distributed, warranted, and offered repair services for the Machines. TAC ¶ 11. According to Plaintiffs, the Machines contain defective electronic control boards that cause the Machines to stop in mid-cycle. *Id.* ¶ 13. Plaintiffs claim that Defendants were aware of the defect by May 2006 at the latest *Id.* ¶ 17, and had a duty to disclose the defect in the electronic control board based on Defendant's alleged exclusive knowledge of the defect. *Id.* ¶ 32. Plaintiffs also allege that they would not have purchased or would have paid significantly less for their Machines had the defect been disclosed. *See, e.g., Id.* ¶ 35.

On March 31, 2010, this Court issued an order striking Plaintiffs' proposed class definitions, concluding that the proposed classes could not be ascertained because they included members who had not experienced problems with their Machines. *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Granting Defendants Motion to Strike Class Allegations at 30, Dkt. 91 (quoting *Hovsepian v. Apple, Inc.,* No. 08-5788 JF (PVT), 2009 WL 5069144, at \*6 (N.D. Cal. 2009) ("Such members have no injury and no standing to sue.") and *Bishop v. Saab Auto A.B.,* No. CV 95-0721 JGD (JRX), 1996 WL 33150020, at \*5 (C.D. Cal. Feb. 16, 1996) ("courts have refused to certify class actions based on similar 'tendency to fail' theories because the purported class includes members who have suffered no injury and therefore lack standing to sue.")). Asserting that *Kwikset* and *Wolin* have changed the applicable legal standard, Plaintiffs now seek to amend their class definitions[2] to include all purchasers of the Machines regardless of whether the alleged defect has manifested. Plaintiffs contend that *Kwikset* has clarified California consumer protection law by holding that a consumer who buys

---

[2] Plaintiffs have proposed three separate classes: a nationwide class, a California class, and a California subclass of consumers as defined by Cal. Civ. Code § 1761(d).

an allegedly defective product is injured at the time of purchase regardless of whether the defect manifests itself, so long as the consumer claims to have been misled when he or she purchased the product. Plaintiffs argue that *Wolin* also stands for this proposition.

## II. LEGAL STANDARD

Courts freely grant leave to amend "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Leave to amend generally is allowed when the amendment does not prejudice the opposing party, is not sought in bad faith, does not cause undue delay, and is not an exercise in futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. ANALYSIS

### A. Applicability of Fed. R. Civ. P. 16(b)(4) and Civ. L.R. 7-9(a)

Defendants argue that as a threshold matter the instant motion should be denied for failure to satisfy Fed. R. Civ. P. 16(b)(4) (governing modification of scheduling orders) and Civ. L.R. 7-9(a) (governing requests for reconsideration of prior rulings). They claim that Plaintiffs' request to amend the TAC improperly seeks reconsideration of the Court's previous ruling with respect to the proposed class definitions. Defendants contend that Plaintiffs should not be allowed to circumvent the requirements of a formal motion for reconsideration simply by moving to amend their complaint. Among other things, Defendants point out that a motion for reconsideration would have required Plaintiffs to justify their delay in bringing their motion four months after *Kwikset* and nine months after *Wolin*.

Defendants also argue that under Rule 16(b)(4), Plaintiffs' still must show good cause for modification of the current scheduling order. Defendants point out that under the parties' joint case management statement filed on October 29, 2010, time for amending pleadings has passed. *See* Updated Joint Case Management Statement at 4, Dkt. 100 ("The parties do not anticipate that any other parties, claims or defenses will be voluntarily added or dismissed from the TAC."). However, Plaintiffs note correctly that a case management statement is not equivalent to a scheduling order. The question is whether the proposed amendment is consistent with principles of justice and fairness.

**B.**     *Kwikset*

*Kwikset* confirmed that to have standing under the UCL, a plaintiff must allege an economic injury that has resulted from unfair competition. 51 Cal. 4th 310, 321-22. The case also made clear that an alleged product defect is not within the ambit of economic injury that is contemplated by unfair competition law. The critical language from the decision reads as follows:

> The Court of Appeal reasoned that plaintiffs could not show economic injury because, while they had spent money, they "received locksets in return." (See also dis. opn., post, 120 Cal.Rptr.3d at p. 765, 246 P.3d at p. 897.) Plaintiffs did not allege the locksets were defective, overpriced, or of inferior quality. In the Court of Appeal's and dissent's eyes, cognizable economic harm is confined to these sorts of objective "functional" differences.
>
> We discern two textual difficulties with this view. First, while the alternate allegations of loss the Court of Appeal posited and the dissent demands might well satisfy the economic injury requirement, nothing in the open-ended phrase "lost money or property" supports limiting the types of qualifying losses to functional defects of these sorts and excluding the real economic harm that arises from purchasing mislabeled products in reliance on the truth and accuracy of their labels. Second, the economic injuries the Court of Appeal would require in order to allow one to sue for misrepresentation are in many instances wholly unrelated to any alleged misrepresentation. <u>An allegation that Kwikset's products are of inferior quality, for example, even if it might demonstrate lost money or property, would not demonstrate lost money or property "as a result of" unfair competition or false advertising about the product's origins. (§§ 17204, 17535.)</u> The Court of Appeal's take on standing, underinclusive as to the economic injuries that might qualify, is overinclusive as to the injuries that might be considered causally related to false advertising.

*Id.* at 331-32 (emphasis added).

Plaintiffs assert an omission-based UCL claim premised upon an allegedly defective product design. Accordingly, *Kwikset* is not controlling and does not support amendment of Plaintiffs' class definitions. It is apparent from the plain language of the decision that allegations of a product defect by themselves do not give rise to a UCL remedy unless the product also is alleged to have been falsely advertised.[3]

---

[3] Defendants also argue that the TAC re-alleges misrepresentation and safety-related claims that the Court dismissed with prejudice in its March 31, 2010 Order. Although Defendants do not seek to strike these allegations, they seek to underscore the fact that the only remaining class claims are based on an alleged omission of a non-safety defect. To the extent that Plaintiffs have included improper allegations in the TAC, Defendants are correct in arguing that Plaintiffs cannot rely upon such allegations to demonstrate the type of economic injury at

4

Case No. 5:09-CV-00288 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND THIRD AMENDED COMPLAINT
(JFLC1)

C.     *Wolin*

In *Wolin*, the Ninth Circuit overturned an order denying class certification, holding that at the class certification stage plaintiffs need not show that all class members suffered from the consequences of the alleged defect. 617 F.3d at 1173.  Interpreting *Wolin*, another court in this district held recently that "proof of the manifestation of a defect is not a prerequisite to class certification." *Wolph v. Acer America Corp.*, No. C 09–01314 JSW, 2011 WL 1110754, at * 2 (N.D. Cal. Mar. 25, 2011) (quoting *Wolin*, 617 F.3d at 1173).

Defendants contend that *Wolin* does not control here because their opposition to Plaintiffs' desired expansion of the class definitions involves the question of standing rather than the appropriateness of class certification.  Defendants argue that potential class members who have not experienced problems with their Machines have no injury and therefore lack standing to sue.  This line of reasoning would seem to be supported by a recent decision from the Central District of California holding that members of a proposed class who have not experienced problems from the alleged product defect cannot be joined as members of the class on a theory of diminished value–i.e. lost benefit of the bargain.  *Webb v. Carter's Inc.*, 272 F.R.D. 489, 499-500 (C.D. Cal. 2011).  However, the complaint in *Webb* did not allege that the product at issue had inherent defects.  Instead, the plaintiffs alleged a breach of the implied warranty of merchantability based on the sale of infant clothing containing tagless labels with chemicals that could pose a risk to children's skin.  *Id.* at 494.  The court reasoned that plaintiffs could not certify a class of all consumers who purchased the tagless clothing because they had not shown that "the product was substantially certain to result in skin irritation." *Id.* at 500 (citation omitted).

Relying upon *Hicks v. Kaufman & Broad Home Corp.*, 89 Cal.App.4th 908, 107 (2001), the court held that "a plaintiff can recover for breach of an implied warranty only if the product 'contains an inherent defect which is substantially certain to result in malfunction during the useful life of the product.'" *Id.* at 499-500.  Thus, *Webb* actually is consistent with the

---

issue in *Kwikset*.

5

Case No. 5:09-CV-00288 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND THIRD AMENDED COMPLAINT
(JFLC1)

conclusion that parties *may* certify a class based on an inherent defect theory even if all class members have yet to experience a manifestation of the alleged defect. In other words, when a latent defect is substantially certain to result in malfunction of the product, the product is not worth the price for which it was sold, regardless of whether or not the alleged defect has manifested.

While it is true that *Wolin* was decided within the context of class certification, the Ninth Circuit necessarily had to presume standing in order to reach its decision that the class was certifiable. In that light, it appears that with respect to all claims, with the exception of their UCL claim, Plaintiffs are justified in seeking to amend the class definitions to include proposed class members who purchased the Machines but did not experience a malfunction within the designated timeframe.

**D.   Law of the Case**

Finally, Defendants contend that the law-of-the-case doctrine precludes amendment of the pleadings. It is true that a court is "generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case. For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition. Application of the doctrine is discretionary." *U.S. v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (citations omitted). Because *Wolin* represents an intervening change in controlling law, this Court may consider Plaintiffs' motion. There is no showing that amendment will prejudice Defendants or cause undue delay, as discovery is ongoing and it appears that the amendment will advance fair resolution of the issues on the merits. Nothing in this order is intended to limit Defendants' arguments against certification of any or all of the proposed classes.

**IV.  ORDER**

Good cause therefor appearing, Plaintiffs' motion to amend is GRANTED as to Plaintiffs' claims for violation of the CLRA, fraudulent concealment and nondisclosure, breach of express warranty, and violation of the MMWA. The motion is DENIED as to Plaintiffs'

Case No. 5:09-CV-00288 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND THIRD AMENDED COMPLAINT
(JFLC1)

claim for violation of the UCL. Plaintiffs need not file an amended complaint, and Defendants need not file an amended answer.

**IT IS SO ORDERED.**

DATED: July 29, 2011

_____
JEREMY FOGEL
United States District Judge

Case No. 5:09-CV-00288 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND THIRD AMENDED COMPLAINT
(JFLC1)