*E-FILED: February 4, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RENEE TIETSWORTH, SUZANNE REBRO, SONDRA SIMPSON, and JOHN CAREY, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEARS, ROEBUCK AND CO. and WHIRLPOOL CORPORATION,<br><br>Defendants. | No. C09-00288 JF HRL<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT #1**<br><br>[Re: Docket No. 123] |

In Discovery Dispute Joint Report (DDJR) #1, plaintiffs seek the production of approximately 75 documents withheld by defendants as attorney-client privileged communications and attorney work product. In sum, plaintiffs are skeptical whether any communications were made for the purpose of seeking legal advice; whether defendants' in-house counsel were acting in a legal or business capacity; and whether the documents in question were created because of litigation. This court ordered defendants to submit the disputed documents for an *in camera* review. The matter is suitable for determination without oral argument. This court has reviewed those documents, and for the reasons discussed below, plaintiffs' request to compel the production of the withheld documents is granted in part and denied in part.

A. <u>Document disputes that are deemed moot.</u>

Upon submission of the documents for *in camera* review, defendants advised that they ended up producing a number of the disputed documents to plaintiffs in redacted form because they learned that some of the information on those documents had been communicated to third-parties. Defendants say that plaintiffs have not objected to the redactions. Plaintiffs do not deny that assertion, and those documents were not submitted to the court for review. Accordingly, the instant dispute is deemed moot as to the following documents on Whirlpool's privilege log: Tab Nos. 178, 181, 188, 209, 245, 246, 249, 252, 273, 274, 277, 278, and 300.

B. <u>Whirlpool privilege log Tab Nos. 16 and 51</u>

With respect to these documents, this court is prepared to find that they are protected by the attorney-client privilege and the attorney work product doctrine. Nevertheless, Whirlpool's privilege log—at least, the version of it provided to this court—is insufficient to establish those protections. No attorney is identified. And, Whirlpool does not say that the documents were created because of this litigation. Its privilege log says only that the documents were created by one Joseph Coletti on January 16, 2009 and that they were "Between counsel and client, providing information requested by counsel."

In DDJR #1, Whirlpool represented that it could and would amend its logs to identify the specific in-house attorney in question and to state that the purpose of the communication was to provide those attorneys with information for use in defending against plaintiffs' claims here. To the extent it has not already done so, Whirlpool shall amend its logs accordingly. Plaintiffs' motion to compel the production of these documents is otherwise denied.

C. <u>All other Whirlpool documents</u>

As for all the remaining Whirlpool documents at issue (Tab Nos. 1-3, 6-15, 17, 46-49, 52-54, 57-65, 68-77, 130-132, 160, 218-223, 236, 299, 304-308, 311, and 313), this court is satisfied that they properly have been withheld as attorney-client privileged communications or attorney work product. Plaintiffs' request to compel their production is denied.

2

1  D.   Sears' documents

2  Plaintiffs challenge only two documents on Sears' privilege log:  Tab Nos. 15 and 16.
3  The log describes them as "[d]raft materials created for submission to CPSC [Consumer
4  Product Safety Commission] by Cary Mergele, in-house counsel for Sears."  (DDJR #1, Ex. D
5  at 1).  One was created on December 28, 2007; the other, nearly one year later on November 18,
6  2008.  David Chowanec is listed as the document "Custodian," but there is no "To" or "From"
7  identified.  Sears claims that they are covered by the attorney-client privilege.  Based on the
8  privilege log alone, plaintiffs say that they cannot tell that these documents truly comprise
9  communications made for the purpose of obtaining legal advice, or whether in-house counsel
10 was acting in a business capacity.  Citing Roth v. Aon Corp., 254 F.R.D. 538 (N.D. Ill. 2009),
11 Sears argues that these drafts remain privileged even if the underlying information eventually
12 was disclosed in a public document.

13 This court generally agrees that "unless the communication does not at the outset meet
14 the elements of the attorney-client privilege, then a draft of a document which becomes public
15 record does not thereby lose that privilege."  Roth, 254 F.R.D. at 541.  But, Roth involved an
16 email communication between the client and in-house counsel, seeking legal advice with
17 respect to an attached draft of a document to be submitted to the Securities & Exchange
18 Commission.  By contrast, there is no evidence of any attorney-client communication as to
19 these Sears documents.  The documents themselves do not appear to be communications.  There
20 is nothing in the record presented to this court indicating they were exchanged or discussed
21 between attorney and client.  Moreover, the documents in question appear to contain purely
22 factual information.  "The privilege only protects disclosure of communications; it does not
23 protect disclosure of the underlying facts by those who communicated with the attorney."
24 Upjohn Co. v. United States, 449 U.S. 383, 396, 101 S. Ct. 677, 66 L.Ed.2d 584 (1981).

25 Accordingly, plaintiffs' request for an order compelling the production of these
26 documents is granted.  Sears shall produce them to plaintiffs within 14 days from the date of

1 this order.

2     SO ORDERED.

3 Dated: February 4, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

1  5:09-cv-00288-JF Notice has been electronically mailed to:

2  Clement L. Glynn    cglynn@glynnfinley.com, dmenor@glynnfinley.com, llentz@glynnfinley.com, lvallone@glynnfinley.com

3

4  Edwin John Kilpela , Jr    kilpela@wtotrial.com

5  Galen Driscoll Bellamy    bellamy@wtotrial.com

6  James C Shah    jshah@sfmslaw.com, pleadings@sfmslaw.com, smoss@sfmslaw.com

7  James M. Hanlon , Jr    jhanlon@glynnfinley.com, lvallone@glynnfinley.com

8  Jennie Lee Anderson    jennie@andrusanderson.com, jessica@andrusanderson.com, kelli.good@andrusanderson.com

9  Jessica Moy    jessica@andrusanderson.com, kelli.good@andrusanderson.com

10  Joel Steven Neckers    neckers@wtotrial.com, prechodko@wtotrial.com

11  Karen M. Leser-Grenon    kleser@sfmslaw.com

12  Lori Erin Andrus    lori@andrusanderson.com, jessicamoy@andrusanderson.com, kelli.good@andrusanderson.com

13

14  Michael Timothy Williams    williams@wtotrial.com, bliahu@wtotrial.com, griego@wtotrial.com, miller@wtotrial.com, snow@wtotrial.com

15  Rosemary Farrales Luzon    rluzon@sfmslaw.com, pleadings@sfmslaw.com

16  Theresa R Wardon    wardon@wtotrial.com

17

18

19

20

21

22

23

24

25

26

27

28